1 | SCOTT N. CAMERON (SBN 226605)
Attorney at Law
2 | 1007 7th Street, Suite 319
Sacramento, CA 95814
3 | Ph. 916-769-8842

4

Attorney for:
5 | EMILIANO CORTES-GARCIA

6

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,

CASE NO.  13-CR-00353 GEB

12 |                               Plaintiff,

**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER**

13 | v.

14 | LUIS CORTEZ-GARCIA, and
EMILIANO CORTES-GARCIA,

15

16 |                               Defendants.

17

18 | **STIPULATION**

19 |       Plaintiff, United States of America, by and through its counsel of record, and defendants,

20 | EMILIANO CORTES-GARCIA and LUIS CORTEZ-GARCIA, by and through their counsel of

21 | record, hereby stipulate as follows:

22 |       1.      By previous order, this matter was set for status on February 4, 2016, at 9:30 a.m.

23 | (ECF No. 59.)

24 |       2.      Due to the reassignment of this case from the Honorable Judge Nunley to the

25 | Honorable Judge Burrell, the status conference for this matter was rescheduled for February 5, 2016,

26 |

27 | at 9:00 a.m.

28 |       3.      By this stipulation, defendants now move to continue the status conference until

1

March 11, 2016, at 9:00 a.m., and to exclude time between February 5, 2016, and March 11, 2016,

under Local Code T4.  Plaintiff does not oppose this request.

3.       The parties agree and stipulate, and request that the Court find the following:

a.       Counsel for defendant Emiliano Cortes-Garcia has been working with an expert in

this case, and based on those consultations, made a written discovery request of the government on

September 3, 2015.  The purpose of the discovery request was to obtain documents in support of a

defense motion to dismiss several counts in the indictment because the statutory scheme for those

counts is unconstitutionally vague.

b.       On September 15, 2015, the government and counsel for Emiliano Cortes-Garcia had

a meeting regarding the discovery request and narrowed the request by agreement.

c.       On January 11, 2016, the government disclosed discovery responsive to part of the

discovery request and has informed defense counsel that there is additional discovery that will be

disclosed shortly addressing other parts of the defense discovery request.  However, the government

has informed the defense that it believes some of the documents requested by the defense are not

discoverable.

d.       Both defense counsel in this matter need additional time to receive the documents

which are about be disclosed by government so that they can determine which of the documents

originally requested are to be the subject of a defense motion to compel discovery.

e.       Once the defense obtains a ruling on the motion to compel discovery, and if the

motion is granted, obtains the requested discovery, the parties will submit a briefing schedule to this

Court for the motion to dismiss based on the vagueness of the statutory scheme charged in the

indictment.

f.       To date, the government has produced approximately 444 pages of document

discovery to the defense.  Moreover, the government has produced over 40 CD/DVD's of discovery

1
2
3

to defendants.  These media files contain relevant audio and video footage obtained during the

government's investigation of this matter.  Some of these media files are three to four hours in

length.

4
5
6

g.        Both defense counsel desire additional time to review the document discovery, review

the afore-mentioned media files, consult with their client regarding the discovery, and conduct

investigation.

7
8
9
10

h.        Counsel for each defendant believes that failure to grant the above-requested

continuance would deny defendants the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence.

11

i.        The government does not object to the continuance.

12
13
14

j.        Based on the above-stated findings, the ends of justice served by continuing the case

as requested outweigh the interest of the public and the defendant in a trial within the original date

prescribed by the Speedy Trial Act.

15
16
17
18
19
20
21

k.        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et

seq., within which trial must commence, the time period of February 5, 2016, to March 11, 2016,

inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

because it results from a continuance granted by the Court at defendant's request on the basis of the

Court's finding that the ends of justice served by taking such action outweigh the best interest of the

public and the defendant in a speedy trial.

22
23
24
25

4.        Nothing in this stipulation and order shall preclude a finding that other provisions of

the Speedy Trial Act dictate that additional time periods are excludable from the period within which

a trial must commence.

26
27

5.        All counsel have authorized attorney for EMILIANO CORTES-GARCIA to sign the

stipulation on their behalf.

28

3

IT IS SO STIPULATED.

DATED:      February 1, 2016

                              /s/ Justin Lee
                              JUSTIN LEE
                              Assistant United States Attorney

DATED:      February 1, 2016

                              /s/ Scott Cameron
                              SCOTT N. CAMERON
                              Counsel for EMILIANO CORTES-GARCIA

DATED:      February 1, 2016

                              /s/ James T. Reilly
                              James T. Reilly
                              Counsel for LUIS CORTEZ-GARCIA

**O R D E R**

          IT IS SO FOUND AND ORDERED.

Dated:  February 1, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4