SCOTT N. CAMERON (SBN 226605)
Attorney at Law
1007 7th Street, Suite 319
Sacramento, CA 95814
Ph. 916-769-8842

Attorney for:
EMILIANO CORTES-GARCIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS CORTEZ-GARCIA, and<br>EMILIANO CORTES-GARCIA,<br><br>Defendants. | CASE NO.  13-CR-00353 GEB<br><br>**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ESTABLISHING BRIEFING SCHEDULE; [PROPOSED] FINDINGS AND ORDER** |
|---|---|

Plaintiff, United States of America, by and through its counsel of record, and defendants, EMILIANO CORTES-GARCIA and LUIS CORTEZ-GARCIA, by and through their counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set for status on July 8, 2016, at 9:00 a.m.

2.  By this stipulation, defendants now move to continue the status conference until December 9, 2016, at 9:00 a.m., and to exclude time between July 8, 2016, and December 9, 2016, under Local Code T4.  Plaintiff does not oppose this request.  Moreover, the parties desire to establish the below briefing schedule on defendant Emiliano Cortes-Garcia's motion to dismiss counts 1, 2, 23 through 27, and 28-34, because defendant contends the statute(s) at issue are

1

unconstitutionally vague. The briefing schedule requested is as follows:[1]

    a.    Defendant's moving papers: September 9, 2016

    b.    Governments opposition: November 4, 2016

    c.    Defendant's reply, if any: November 18, 2016

    d.    Hearing on motion: December 9, 2016

3.    The parties agree and stipulate, and request that the Court find the following:

    a.    Counsel for defendant Emiliano Cortes-Garcia has been working with an expert in this case, and based on those consultations, made a written discovery request of the government on September 3, 2015. The purpose of the discovery request was, in part, to obtain documents in support of a defense motion to dismiss several counts in the indictment because the statutory scheme for those counts is unconstitutionally vague.

    b.    On September 15, 2015, the government and counsel for Emiliano Cortes-Garcia had a meeting regarding the discovery request and narrowed the request by agreement.

    c.    On January 11, 2016, the government disclosed discovery responsive to part of the discovery request.

    d.    On February 25, 2016, defense counsel for Emiliano Cortes-Garcia filed a motion to compel the discovery in dispute.

    e.    On April 11, 2016, the government produced 6,400 pages of new discovery which, after review of those documents, counsel for defendant Cortes-Garcia believes mooted the discovery motion. As such, on July 1, 2016, defendant Cortes-Garcia filed a notice of withdrawal of said discovery motion reserving the right to file a subsequent, or same, discovery motion if later deemed necessary.

---

[1] While the briefing schedule appears to grant more time than a typical briefing schedule, it contemplates that both the government and counsel for defendant Cortes-Garcia will each be in trial during a portion of the briefing.

f.    To date, the government has produced approximately 6,844 pages of document discovery to the defense.  Moreover, the government has produced over 40 CD/DVD's of discovery to defendants.  These media files contain relevant audio and video footage obtained during the government's investigation of this matter.  Some of these media files are three to four hours in length.

g.    Both defense counsel desire additional time to review the document discovery, review the afore-mentioned media files, consult with their client regarding the discovery, and conduct investigation.  Moreover, defense counsel for Cortes-Garcia requires the additional time requested in this stipulation to prepare and litigate the anticipated motion to dismiss various counts due to the statute(s) being unconstitutionally vague.

h.    Counsel for each defendant believes that failure to grant the above-requested continuance would deny defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

i.    The government does not object to the continuance.

j.    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

k.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 8, 2016, to December 9, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of

3

the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    5.    All counsel have authorized attorney for Emiliano Cortes-Garcia to sign the stipulation on their behalf.

IT IS SO STIPULATED.

DATED:    July 5, 2016

/s/ Justin Lee
JUSTIN LEE
Assistant United States Attorney

DATED:    July 5, 2016

/s/ Scott Cameron
SCOTT N. CAMERON
Counsel for EMILIANO CORTES-GARCIA

DATED:    July 5, 2016

/s/ James T. Reilly
James T. Reilly
Counsel for LUIS CORTEZ-GARCIA

**O R D E R**

IT IS SO FOUND AND ORDERED.
Dated: July 6, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4